IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WILSON, ET AL. :
: CIVIL ACTION
v. :
: NO. 10-3915
JOSHUA DEWEES, ET AL. :

**SURRICK, J.** JULY 8 , 2013

## MEMORANDUM

Presently before the Court is the Motion of Defendants, Officer Joshua Dewees, Officer David Brockway, and the City of Chester for Partial Dismissal of Plaintiffs' Complaint Under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) For the following reasons, the Motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Kevin Wilson and Julius Bradley brought this lawsuit against the City of Chester, the City of Chester Housing Authority ("CCHA"), and individual police officers Joshua Dewees, David Brockway, and Edward Corangi.[1] The Complaint alleges that on the evening of October 9, 2009, Wilson left a dance at Seventh and Yarnall Streets in Chester County, Pennsylvania. (Compl. ¶¶ 14-15, ECF No. 1.) While crossing the intersection of Tenth and Yarnall Streets, Wilson was approached by Defendants Officer Joshua Dewees and Officer David Brockway, both City of Chester police officers, who exited their police cars and ran towards Wilson. (*Id.* at ¶ 16.) At the same time, Edward Corangi, a police officer for the

---

[1] Defendants CCHA and Edward Corangi were dismissed with prejudice pursuant to an agreement reached among the parties. (*See* ECF No. 19.) In addition, all claims asserted by Julius Bradley were dismissed with prejudice as a result of Bradley's failure to prosecute. (*See* ECF No. 24.)

CCHA, stopped his police car and ran towards Wilson. (*Id.*) Plaintiff alleges that without warning, justification, or probable cause, all three police officers tackled him, struck him in the head several times with a metal flashlight, and forcibly handcuffed him. (*Id.* at ¶ 17.)

At around the same time, Julius Bradley was riding his bicycle on Yarnall Street. (*Id.* at ¶¶ 22-23.) When Bradley saw Wilson laying on the ground bleeding, he stopped to offer assistance. (*Id.* at ¶ 24.) Plaintiff alleges that without warning, justification or probable cause, Officer Dewees forcefully pulled Bradley from his bicycle, and handcuffed him. (*Id.*) Wilson and Bradley were both taken into custody and transported to the Chester Police Department, where they were booked on multiple charges. (*Id.* at ¶¶ 18-19, 25-26.) Wilson was charged with aggravated and simple assault, recklessly endangering another person, harassment, resisting arrest, and failure to disperse upon official order. (*Id.* at ¶ 19.) Bradley was charged with obstructing the administration of the law, failure to disperse upon official order, and disorderly conduct. (*Id.* at ¶ 26.) Both Wilson and Bradley were held in a holding cell for several hours before being released. (*Id.* at ¶¶ 19, 25.) On April 4, 2010, Chester Magisterial District Judge Dawn Vann dismissed all charges against Wilson and Bradley. (*Id.* at ¶¶ 20, 27.)

On August 5, 2010, Wilson and Bradley filed this Complaint asserting the following causes of action against Defendants: violation of their Fourth Amendment right to be secure in their persons (Count I); false arrest and imprisonment (Count II); deprivation of their Fourth and Fourteenth Amendment rights, including claims of excessive force (Count III); negligent failure to train and supervise under *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978) (Count IV); assault and battery (Count V, against the individual police officers only); malicious prosecution under 42 U.S.C. § 1983 and Pennsylvania common law (Count VI); and intentional

2

infliction of emotional distress (Count VII). (Compl.)[2]

Defendants have filed a Motion for Partial Dismissal (Defs.' Mot., ECF No. 8) and a supporting Memorandum of Law (Defs.' Br., ECF No. 8). Plaintiff has filed a response to the Motion (Pl.'s Resp., ECF No. 10), along with an accompanying Memorandum of Law (Pl.'s Br., ECF No. 10).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

For purposes of this Motion, we accept as true the facts alleged in Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 12(b)(6), all factual allegations are viewed in the

---

[2] The Court's consideration of the arguments raised in the Motion was difficult because Plaintiff's Complaint is not a model of clarity.

light most favorable to Plaintiff, the nonmoving party. *Phillips*, 515 F.3d at 233; *see also Iqbal*, 129 S. Ct. at 1949 ("When assessing whether the complaint satisfies [the 12(b)(6)] standard, courts must treat a complaint's allegations as true.").

## III. DISCUSSION

In their Motion, Defendants sought dismissal of the following claims: (1) all claims asserted under the Pennsylvania Constitution in Count II; (2) all claims asserted under the Fourteenth Amendment in Count III and all claims against Officers Dewees and Brockway in Count III; (3) the claim for failure to train and supervise asserted under *Monell* (Count IV); (4) the malicious prosecution claims (Count VI); (5) the intentional infliction of emotional distress claim asserted against the City of Chester (Count VII); (6) Bradley's claims against Officer Brockway (Counts I, II, III, VI and VII)[3]; and (7) all claims for punitive damages against the City of Chester.

Plaintiff has agreed to the dismissal of many of these claims. In his Response to the Motion, Plaintiff agreed to dismiss all claims asserted under the Pennsylvania Constitution, the intentional infliction of emotional distress claim against the City of Chester, the state law malicious prosecution claim against the City of Chester, and any claims for punitive damages against the City of Chester. (Pl.'s Resp.) At a hearing held on June 21, 2013, counsel for Plaintiff also agreed to dismiss all *Monell* claims, and all claims asserted under the Fourteenth Amendment. (June 21 Hr'g Tr. 5-8, ECF No. 26.)[4] Since Plaintiff has abandoned the *Monell*

---

[3] As mentioned above, the Bradley claims have been dismissed.

[4] Counsel for Plaintiff advised the Court that, through discovery, there was not sufficient evidence to "press forward" with the *Monell* claims. (June 21 Hr'g Tr. 5.)

claims, there are no remaining causes of action against the City of Chester.[5] We will address the remainder of Defendants' arguments in support of partial dismissal of the Complaint against the individual police officers.

### A. Deprivation of Rights Under the Fourth and Fourteenth Amendments (Count III)

In Count III of the Complaint, Plaintiff alleges violations of their Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that the actions of the police officers deprived him of his right to be secure in his person, and to be free from unlawful seizures, arrests, and the excessive use of force. (Compl. ¶ 38.)[6]

Defendants argue that all claims asserted in Count III should be dismissed against Officers Dewees and Brockway because "Count III appears to be nothing more than a claim under *Monell* . . . and that the individual Defendants would have no liability under a *Monell* claim." (Defs.' Br. 10.) We agree with Defendants' characterization of Count III. Count III alleges that Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments as

---

[5] Generally, the City of Chester may not be held liable under § 1983 for the acts of its police officers since "[t]here is no respondeat superior theory of municipal liability." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell*, 436 U.S. at 691). The City of Chester may only be liable if Plaintiff can show, pursuant to *Monell*, that the constitutional violations occurred as a result of a government-implemented policy, regulation, or an officially adopted custom. *Monell*, 436 U.S. at 690-91; *see also Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) ("Regardless of the nature of underlying right alleged to have been aggrieved, [the Township defendant] can be liable for any constitutional deprivations suffered by the [plaintiffs] only if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.") (internal quotation marks omitted). Since Plaintiff has agreed to the dismissal of the *Monell* claims, there is no remaining cause of action that Plaintiff can pursue against the City of Chester.

[6] Plaintiff has agreed to the dismissal of all claims asserted under the Fourteenth Amendment. (June 21 Hr'g Tr. 5.)

a result of "actions or inactions" by the City of Chester. (Compl. ¶ 34.) Count III further alleges that the City of Chester was placed on notice of the police officers' propensity to violate the rights of citizens, and thus the City of Chester should have known that the officers would violate Plaintiff's rights. (*Id.* at ¶¶ 35-38.) These allegations sound in municipal liability. *See Monell*, 436 U.S. at 690 ("Local governing bodies [ ] can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). Moreover, although Count III names all Defendants, the paragraphs within the Count only allege constitutional violations by the City of Chester and the CCHA. (*See id.* at ¶ 34 ("The actions and inactions of defendants the [CCHA] and the City of Chester and its police departments deprived plaintiffs of their rights.").) In any event, Plaintiff's Fourth Amendment claims against the individual police officers are preserved in Count I of the Complaint. Accordingly, Count III will be dismissed.

### B.    Malicious Prosecution Claims (Count VI)

Count VI of the Complaint asserts malicious prosecution claims against all Defendants under state law and § 1983.[7] Defendants move to dismiss the state law and § 1983 malicious prosecution claims asserted against the individual police officers.

In order to state a claim for malicious prosecution under § 1983, a plaintiff must show

---

[7] As noted above, Plaintiff agrees to the dismissal of the state law malicious prosecution claim against the City of Chester. Plaintiff also agrees to dismiss the *Monell* claims against the City of Chester. Plaintiff's pursuit of a malicious prosecution claim against the City of Chester must be under *Monell*. *See Losch v. Bor. of Parkesburg, PA.*, 736 F.2d 903, 910 (3d Cir. 1984) (applying the analysis set forth in *Monell* to a malicious prosecution claim against a municipality). Since Plaintiff has abandoned all *Monell* claims, Count VI must be dismissed against the City of Chester.

that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). The requirements to prove a Pennsylvania state law cause of action for malicious prosecution are almost identical to the federal counterpart, except that a plaintiff need not prove a deprivation of liberty consistent with the concept of seizure. To succeed on a malicious prosecution claim under Pennsylvania law, a plaintiff must show that the defendant "(1) instituted proceedings against the plaintiff, (2) without probable cause, (3) with malice, and (4) that the proceedings were terminated in Plaintiffs's favor." *Corrigan v. Cent. Tax Bureau of Pa.*, 828 A.2d 502, 505 (Pa. Commw. Ct. 2003). Defendants do not dispute that Plaintiff was seized.

Defendants argue that since Plaintiff has not stated which of the police officers prepared the criminal complaint, he fails to state a claim for malicious prosecution. In other words, Defendants argue that Plaintiff fails to allege that Officer Brockway or Officer Dewees "initiated" the criminal proceeding against him.

While it is customarily the role of a prosecutor or the District Attorney to initiate a criminal proceeding, this fact does not shield police officers from liability for malicious prosecution claims. "'Although prosecutors rather than police officers are generally responsible for initiating criminal proceedings, an officer may, however, be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed decision.'" *Henderson v. City of Phila.*, 853

7

F. Supp. 2d 514, 518 (E.D. Pa. 2012) (quoting *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005)); *see also Marcia v. Micewski*, No. 97-5379, 1998 U.S. Dist. LEXIS 13243, at *27-28 (E.D. Pa. Aug. 24, 1998) ("An individual can be liable for malicious prosecution if he fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.") (internal quotation marks omitted).

The Complaint states that Plaintiff was: illegally assaulted; taken into custody; booked on charges, including obstructing administration of the law, failure to disperse upon official order, and disorderly conduct; detained in a holding cell; and that all charges were later dropped. (Compl. ¶¶ 24-27.) Plaintiff further alleges that the "arrest and detention of [Plaintiff] . . . [was] carried out unlawfully, intentionally, maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest." (*Id*. at ¶ 31.) Plaintiff contends that the allegations demonstrate that the individual police officers "in concert falsely charged and prosecuted Plaintiff[]." (Pl.'s Br. 15.) Reading the Complaint as a whole, and in the light most favorable to Plaintiff, which we are required to do, we are satisfied that Plaintiff has sufficiently stated a malicious prosecution claim against the individual police officers at this juncture to survive dismissal. After discovery, if Plaintiff is unable to establish that either Officer Brockway or Officer Dewees "initiated" proceedings against him, we will address the issue on a motion for summary judgment.

As a result of the parties' agreements to dismiss, and the Court's ruling on the instant Motion, the following claims survive: (1) Wilson's claims under the Fourth Amendment against

Officers Brockway and Dewees, to include a claim for the use of excessive force (Count I); (2) Wilson's false arrest and false imprisonment claims under § 1983 against Officers Brockway and Dewees (Count II); (3) Wilson's assault and battery claims against Officers Brockway and Dewees (Count V); (4) Wilson's state and § 1983 malicious prosecution claims against Officers Brockway and Dewees (Count VI); and (5) Wilson's intentional infliction of emotional distress claim against Officers Brockway and Dewees.

IV. CONCLUSION

Defendant's Motion for Partial Dismissal will be granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK**